IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD CHARLES PICKETT,  #182000, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-986-TMH |
| ) | |
| MONTGOMERY COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Edward Charles Pickett ["Pickett"], a state inmate, on October 30, 2012.[1] In this complaint, Pickett challenges the conditions of confinement to which he was subjected and medical treatment provided to him during his incarceration in the Montgomery County Detention Facility in August of 2009. Pickett names the Montgomery County Jail and the Montgomery County Jail Nurse Station as defendants in this cause of action. He seeks monetary damages for the alleged violations of his constitutional rights.

Upon review of the complaint, the court concludes that this case is subject to summary

---

[1] Although the Clerk stamped the complaint "received" on November 7, 2012, Pickett certified he presented the complaint to prison officials for mailing on October 30, 2012. *Complaint - Doc. No. 1* at 4. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Pickett] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, the court considers October 30, 2012 as the date of filing for this cause of action.

dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## II. DISCUSSION

### A. Dismissal of Defendants

Neither a county jail nor the nurse's station in the jail constitutes a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the plaintiff's claims against the Montgomery County Jail and the Montgomery County Jail Nurse Station are due to be dismissed as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

### B. Statute of Limitations

Pickett challenges the constitutionality of conditions at the Montgomery County Detention Facility during his incarceration at the jail in August of 2009. *Plaintiff's Exhibit A*. It is therefore clear from the complaint and supporting evidentiary materials that the claims presented by Pickett are barred by the statute of limitations applicable to an action filed by an inmate in this court under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

---

[2] The court granted Pickett leave to proceed *in forma pauperis*. *Doc. No.3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The alleged unconstitutional actions about which Pickett complains occurred in August of 2009. The tolling provision of *Ala. Code* § 6-2-8(a) is unavailing.[3] Thus, the statute of limitations began to run in September of 2009 and ran uninterrupted until it expired in September of 2011. As previously noted, Pickett filed the instant complaint on October 30, 2012. This filing occurred over a year ***after*** the applicable period of limitation had expired.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

An early determination of the merits of an IFP proceeding provides a significant

---

[3] This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a). The complaint demonstrates Pickett was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

> benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts presented in the complaint and supporting exhibit, Pickett has no legal basis on which to proceed as he filed this case more than three years after the actions about which he complains occurred. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Pickett's challenges to the conditions of confinement at the Montgomery County Detention Facility in August of 2009 are barred by the applicable two-year period of limitation which expired in September of 2011 and the claims presented by Pickett are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[4]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims lodged against the Montgomery County Jail and the Montgomery County Nurse Station be summarily DISMISSED under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as these defendants are not legal entities subject to suit.

2. This case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time

---

[4] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

prescribed by the applicable period of limitation.

It is further

ORDERED that **on or before December 26, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of December, 2012.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE